JOSEPH M. HODGKINS & another *vs.* WILLIAM P. PEARSON & another & Trustee.

On the trial of an issue between the plaintiff and a claimant in a trustee process, it is within the discretion of the presiding judge, under *St.* 1839, *c.* 107, § 1, to admit the deposition previously taken of a witness present in court at the trial and willing to testify; and if a deposition is so used by the plaintiff in putting in his case, after the claimant has rested his, the refusal of the judge to allow the claimant afterwards to examine the witness, except to rebut the plaintiff's evidence, is no ground of exception.

TRUSTEE PROCESS. The principal defendants were defaulted, and Daniel M. Howard & Co. of Bangor, in the State of Maine, were admitted as claimants.

At the trial in the court of common pleas at April term 1859, before *Aiken*, J., the claimants put in, without objection, the deposition of one of the defendants; and after they had rested their case, the plaintiffs offered the deposition of Howard, one of the claimants, taken some time previously at Bangor, to the admission of which the claimants objected on the ground that Howard was present in court and willing to testify, and requested the judge to require the plaintiffs to use him as a witness. The judge overruled the objection, and allowed the plaintiffs to read the deposition. The court had not previously made any order, or been requested to make any, whether the evidence to be used on the trial should be taken by deposition or orally. After the plaintiffs had rested their case, the claimants called Howard, and proposed to examine him generally as a witness in the case; but the judge refused to admit his testi-

mony, except to rebut the plaintiffs' case. The jury returned a verdict for the plaintiffs, and the claimants alleged exceptions.

*A. Waterhouse,* for the claimants.

*T. K. Lothrop,* for the plaintiffs.

CHAPMAN, J. The judge had discretionary power to direct that the deposition should be received instead of the oral testimony, under *St.* 1839, *c.* 107, § 1. And after the claimants had put in theirs in reply, it was proper and conformable to the usual practice to limit the testimony of Howard to such facts as would tend to rebut the plaintiff's evidence.

*Exceptions overruled.*